UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **KAZZACHAT H. SHEYIN** | **CIVIL ACTION** |
| **VERSUS** | **NO. 24-1749** |
| **PAN AMERICAN LIFE INSURANCE GROUP, INC., ET AL.** | **DIVISION 3** |

### ORDER AND REASONS

Before the Court is the Motion for Partial Dismissal filed by defendant, Pan American Life Insurance Group, Inc. (Doc. 8) ("Pan American"). Plaintiff, Kazzachat H. Sheyin, has filed an opposition (Doc. 11). Defendant has replied (Doc. 12). For the reasons below, the motion is dismissed without prejudice to Pan American's right to re-urge the motion after the filing of an amended complaint.

**I.      Background**

The complaint alleges the following facts.  Mr. Sheyin began working for Pan American in 2018 as a data analyst. He expected a promotion to data architect.[1] Instead, Pan American gave Plaintiff a negative performance report, provided a performance improvement plan, and then terminated him in March 2024.[2]

---

[1] Doc. 1-1, ¶ 6.
[2] Doc. 1-1, ¶ 7.

Mr. Sheyin's allegations arise from his work with Joe Sposito, a data architect whom Mr. Sheyin assisted in training and onboarding.[3] Mr. Sposito would allegedly "scream, shout, and openly ridicule" Mr. Sheyin in the workplace. A Pan American director allegedly "openly referred to Mr. Sposito's management approach as biased against men that appear as non-Caucasian."[4] Although Mr. Sheyin complained of Mr. Sposito's behavior to superiors, no corrective action was taken.[5]  Mr. Sheyin alleges he became the subject of a negative performance report and performance improvement plan in retaliation for reporting Mr. Sposito's conduct.[6] Pan American terminated Mr. Sheyin on March 18, 2024.[7]

Before his termination, Mr. Sheyin filed a Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC").[8]  The charge alleges that his placement on a performance improvement plan was retaliatory and that he was subject to a "hostile work environment, harassment and unprofessional conduct[.]"[9] For the basis of the alleged discrimination, Mr. Sheyin checked the boxes for "Retaliation" and "Other," the latter of which he specified to be "[c]ontinued harassment."[10]  The EEOC issued its Determination and Notice of Rights on

---

[3] Doc. 1-1, ¶ 7.
[4] Doc. 1-1, ¶ 8.
[5] Doc. 1-1, ¶ 9.
[6] Doc. 1-1, ¶ 9.
[7] Doc. 1-1, ¶ 9.
[8] Doc. 8-2.
[9] *Id.*
[10] *Id.*

February 26, 2024.[11]  Mr. Sheyin filed this lawsuit on April 2, 2024.[12] The complaint alleges claims for discrimination, harassment, and retaliation.

## II.     Standard of Law

To survive a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), a complaint must allege sufficient facts to "'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Thus, a court's task is to "determine whether the plaintiff has stated a legally cognizable claim that is plausible, not to evaluate the plaintiff's likelihood of success." *Body by Cook, Inc. v. State Farm Mut. Auto. Ins.*, 869 F.3d 381, 385 (5th Cir. 2017) (citing *Doe ex rel. Magee v. Covington Cty. Sch. Dist. ex rel. Keys*, 675 F.3d 849, 854 (5th Cir. 2012)). Accordingly, courts must construe the allegations in the complaint in the light most favorable to the plaintiff, accepting as true all well-pleaded factual allegations and drawing all reasonable inferences in the plaintiff's favor. *See, e.g.*, *Lovick v. Ritemoney Ltd.*, 378 F.3d 433, 437 (5th Cir. 2004).

Still, the plaintiff's "[f]actual allegations must be enough to raise a right to relief above the speculative level[.]" *Twombly*, 550 U.S. at 555. A complaint is insufficient if it contains merely "'naked assertion[s]' devoid of 'further factual enhancement.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 557). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id*. Rather, a "claim has facial plausibility

---

[11] Doc. 1-1 at 9.
[12] Doc. 1-1 at 2.

when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). Courts make this determination based "only on 'the facts stated in the complaint and the documents either attached to or incorporated in the complaint.'" *Ferguson v. Bank of New York Mellon Corp.*, 802 F.3d 777, 780 (5th Cir. 2015) (quoting *Lovelace v. Software Spectrum, Inc.*, 78 F.3d 1015, 1017 (5th Cir. 1996)). Ultimately, courts reviewing motions under Rule 12(b)(6) must dismiss all claims for which the complaint's well-pleaded factual allegations fail to state a cognizable claim for which the defendant could reasonably be held responsible.

### III. Analysis

Pan American seeks dismissal of certain of the claims against it on two bases. First, Pan American asserts that some of Mr. Sheyin's claims are not yet legally cognizable because Mr. Sheyin failed to exhaust his administrative remedies.[13] Second, Pan American argues Plaintiff has failed to allege facts sufficient to state a plausible claim for discrimination or harassment on the basis of race or sex.[14]

As to exhaustion, Pan American points out that Mr. Sheyin's termination occurred after he filed his EEOC charge. Thus, that charge necessarily did not address any claims arising from Mr. Sheyin's termination.[15] That is reason enough to dismiss them. In addition, Pan American argues that Mr. Sheyin's race and sex harassment and discrimination claims remain unexhausted because the charge did

---

[13] *See* Doc. 8-1 at 5–7.
[14] *See id.* at 7–9.
[15] *Id.* at 7.

not include an adequate factual statement about those claims.[16] Mr. Sheyin maintains, however, that his recent filing of a second EEOC charge[17] remedied any such deficiencies.[18] He thus requests that the Court stay this matter "pending the investigation of his claims by the EEOC and the subsequent receipt of the right-to-sue letter, which will enable Plaintiff to amend the petition and ensure that all claims meet the prerequisites."[19] Pan American does not oppose that proposal.[20]

      Rule 15(a)(2) directs courts to "freely give leave [to amend a complaint] when justice so requires." Granting leave to amend is especially appropriate when the complaint as written fails to state a claim upon which relief can be granted. *See Griggs v. Hinds Junior Coll.*, 563 F.2d 179, 180 (5th Cir. 1977). "Futile" amendments—those that would not cure the complaint's fatal deficiencies—need not be permitted. *Schiller v. Physicians Res. Grp. Inc.*, 342 F.3d 563, 566 (5th Cir. 2003). The Court, however, cannot assess on the current record whether the amendments Mr. Sheyin proposes to make would be futile. Justice thus requires the Court to grant Mr. Sheyin's unopposed request to stay this matter pending receipt of the EEOC's

---

[16] *Id.* at 6; *see also, e.g., Doe v. Merritt Hosp., LLC*, 353 F. Supp. 3d 472, 480 (E.D. La. 2018) (explaining that claims raised in an EEOC charge remain unexhausted if the charge did not contain an adequate factual basis to "'trigger the investigatory and conciliatory procedures of the EEOC'" relative to each claim such that it "'could be reasonably expected to . . . grow out of [the] charge of discrimination.'") (quoting *Patton v. Jacobs Eng'g Grp., Inc.*, 874 F.3d 437, 444 (5th Cir. 2017)).
[17] Doc. 11-1.
[18] Doc. 11 at 3–4.
[19] Doc. 11 at 4.
[20] Doc. 12 at 1.

Determination and Notice of Rights as to his second charge so he may amend his complaint.[21]

## IV. Conclusion

For the reasons stated above,

**IT IS ORDERED** that the above-captioned matter is **STAYED** and **ADMINISTRATIVELY CLOSED** pending the disposition of Plaintiff's second EEOC charge and the filing of an Amended Complaint.

**IT IS FURTHER ORDERED** that the Motion to Dismiss (Doc. 8) is **DISMISSED WITHOUT PREJUDICE** to Pan American's right to refile following Plaintiff's filing of an Amended Complaint.

**IT IS FURTHER ORDERED** that Plaintiff file either his Amended Complaint or, if necessary, a status report explaining his inability to do so no later than **March 21, 2025**.

New Orleans, Louisiana, this 20th day of September, 2024.

EVA J. DOSSIER
UNITED STATES MAGISTRATE JUDGE

---

[21] Having so determined, the Court declines to address Pan American's alternate argument for dismissal at this time. If desired, Pan American may reassert this argument with respect to Mr. Sheyin's amended complaint.