UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| KAZZACHAT H. SHEYIN | CIVIL ACTION |
| VERSUS | NO. 24-1749 |
| PAN AMERICAN LIFE INSURANCE GROUP, INC. | DIVISION (3) |

## ORDER AND REASONS

Before the Court is the Defendant Pan American Life Insurance Group, Inc. ("Pan American")'s Second Motion to Compel Discovery Responses (R. Doc. 36). Defendant requests that the Court order complete responses to discovery, waive all objections, and award reasonable attorneys' fees.[1] No opposition has been filed, and the deadline to do so has expired. Having reviewed the briefing, the record, and the applicable law, the Court grants the motion in part and denies it in part for the reasons set forth below.

## I.    Background

Pan American employed Plaintiff Kazzachat H. Sheyin from 2018 until his termination on March 18, 2024.[2] According to Plaintiff, Pan American discriminated against him on the basis of race, ethnicity, and gender.[3] Plaintiff brings claims against Pan American and its unnamed insurer under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, *et seq.*, and the Louisiana anti-discrimination statute,

---

[1] R. Doc. 36-1 at 9.

[2] R. Doc. 1-1, ¶¶ 6, 9.

[3] *Id.* ¶ 11.

1

La. R.S. 23:332.[4] Plaintiff seeks damages for back pay, future pay, lost benefits, attorney fees, and mental suffering.[5] Plaintiff originally filed his complaint in Louisiana state court on April 2, 2024.[6] Defendant removed this action to federal court on July 12, 2024.[7]

On April 17, 2026, Pan American propounded its First Set of Interrogatories and Requests for Production of Documents. Plaintiff failed to respond, and the Court granted Defendant's first motion to compel discovery responses.[8] The Court ordered Plaintiff to serve complete discovery responses by June 24, 2026.[9] On June 24, 2026, Plaintiff produced interrogatory responses but did not produce any documents or responses to requests for production. Defendant notified Plaintiff of the deficiencies, and Plaintiff agreed to make a complete production by July 8, 2026. On July 8, 2026, Plaintiff produced supplemental interrogatory answers, responses to requests for production, and 10 unlabeled, uncategorized documents. According to Defendant, the supplemental interrogatory answers are unverified and largely incomplete, and the responses to requests for production fail to comply with the Federal Rules of Civil Procedure. The deadline to complete discovery is Thursday, August 20, 2026.

---

[4] *Id.* ¶¶ 15, 18.
[5] *Id.* ¶ 18.
[6] R. Doc. 1-1.
[7] *Id.*
[8] R. Docs. 30, 31.
[9] R. Doc. 31.

2

## II.      Standard of Law

Unless otherwise limited by court order, Rule 26(b)(1) defines the scope of discovery:

> Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Information within this scope of discovery need not be admissible in evidence to be discoverable.

Fed. R. Civ. P. 26(b)(1). "The moving party bears the burden to establish that the materials requested are within the scope of permissible discovery, after which the burden shifts to the party resisting discovery to show why the discovery is irrelevant or otherwise should not be permitted." *Cannon v. CSX Transp., Inc.,* No. CV 20-2392, 2021 WL 5358758, at *1 (E.D. La. Apr. 16, 2021) (citations omitted). Under Rule 26(c)(1), courtsmay restrict discovery "for good cause ... to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." Generally, the burden of demonstrating good cause rests on the party refusing to produce the information. *See Cazorla v. Koch Foods of Mississippi, LLC,* 838 F.3d 540, 549 & n.22 (5th Cir. 2016) (citing cases).

3

## III.    Analysis

### A.    Interrogatories

Pursuant to Rule 33(b)(3), Plaintiff must answer each interrogatory separately and fully in writing under oath.

**Interrogatory No. 7.** This interrogatory seeks information as to Plaintiff's income after January 1, 2023. This information is relevant to Plaintiff's request for damages for backpay and loss of income due to being denied opportunities for promotions and "biased systems of employment practices."[10] *See Badgerow v. REJ Props., Inc.*, No. CV 17-9492, 2021 WL 1582219, at *3 (E.D. La. Feb. 24, 2021) (noting that interim earnings or amounts earnable with reasonable diligence by the person or persons discriminated against shall operate to reduce the back pay otherwise allowable.) (emphasis removed) (citing 42 U.S.C. § 2000e-5(g)(1)). Accordingly, Plaintiff must supplement his response to provide additional responsive information or explain why responsive information is being withheld.

**Interrogatory No. 8.** This interrogatory seeks information as to Plaintiff's attempts to mitigate his damages. This information is relevant to Plaintiff's request for backpay. *See Sellers v. Delgado Coll.*, 902 F.2d 1189, 1193 (5th Cir. 1990) ("Successful Title VII claimants [] have a corresponding statutory duty to minimize such damages.") (citations omitted). Accordingly, Plaintiff must supplement his

---

[10] *Id.* ¶ 12.

response to either provide additional responsive information or explain why responsive information is being withheld.

**Interrogatory No. 10.** This interrogatory seeks information relative to the computation of Plaintiff's damages. Plaintiff must provide the requested information or explain why responsive information is being withheld. *See* Fed. R. Civ. P. 26(a)(1)(A)(iii).

### B.    Requests for Production

Pan American's critique of Plaintiff's boilerplate objections is well founded. Plaintiff must supplement its responses and objections to provide greater specificity as to the basis for each objection and disclose whether any responsive documents are being withheld. Plaintiff must organize the documents by request number. To the extent Plaintiff claims privilege or work product protection, a log must be produced contemporaneously.

## IV.    Conclusion

Plaintiff' has provided no justification for the discovery response deficiencies and noncompliance with the Court's order described above.  Accordingly,

**IT IS ORDERED** that the Motion (R. Doc. 36) is **GRANTED IN PART AND DENIED WITHOUT PREJUDICE** in all other respects.

**IT IS FURTHER ORDERED** that Plaintiff must supplement the interrogatory and document request responses as detailed above, including relative to the production of a privilege log, on or before **Thursday, August 6, 2026.** To the

extent Plaintiff maintains information is confidential, any such information must be produced within five days of the entry of an appropriate protective order. Pursuant to Federal Rule of Civil Procedure 37(b)(2), further failure to comply with deadlines may result in an order:

(i) directing that the matters embraced in the order or other designated facts be taken as established for purposes of the action, as the prevailing party claims;

(ii) prohibiting the disobedient party from supporting or opposing designated claims or defenses, or from introducing designated matters in evidence;

(iii) striking pleadings in whole or in part;

(iv) staying further proceedings until the order is obeyed;

(v) dismissing the action or proceeding in whole or in part;

(vi) rendering a default judgment against the disobedient party; or

(vii) treating as contempt of court the failure to obey any order except an order to submit to a physical or mental examination.

**IT IS FURTHER ORDERED** that Pan American is entitled to an award of the reasonable attorney fees and costs in bringing this motion and its first motion to compel.

**IT IS FURTHER ORDERED** that if the parties agree on a reasonable amount of attorney fees and costs, Plaintiff must pay that amount. If the parties do not agree on an amount, Pan American may, within 14 days of this Order, file a Motion for Fees and Costs pursuant to Rule 37. The fee and cost motion must include (a) an affidavit attesting to the attorneys' education, background, skills and

experience; (b) sufficient evidence of rates charged in similar cases by other local attorneys with similar experience, skill and reputation; and (c) a verified, contemporaneous report reflecting the date, time involved, and nature of the services performed.

New Orleans, Louisiana, this 24th day of July, 2026.

_____
EVA J. DOSSIER
UNITED STATES MAGISTRATE JUDGE